FILED

06 OCT -5 PM 3: 00

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____  DEPUTY

NUNC PRO TUNC

OCT 03 2006

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK SIMAN RUSSEL, | CASE NO. O5CV2019-BEN (RBB) |
| Petitioner, | **ORDER DENYING MOTION FOR BAIL [Docket No. 8] AND DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |
| vs. | |
| THE DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Respondents. | |

   In July 2005, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner FREDERICK SIMAN RUSSEL ("Russell"), pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii)[1], based on his conviction under California Penal Code § 261.5 (unlawful sexual intercourse with a minor), which the DHS alleged was an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A) (defining "aggravated felony" as " . . . sexual abuse of a minor"). Russell has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). In the Petition, Russell argues his detention during the pendency of the removal proceedings against him is unlawful, and that his prior conviction under California Penal Code § 261.5, on which his removal is based, is not an "aggravated felony." Russell also moves to for an Order releasing him on bail. For the reasons that follow, the Court denies Russell's request for bail and Petition

---

   [1] Title 8 U.S.C. § 1227(a)(2)(A)(iii) provides: "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

1  without prejudice.  Russell may re-file his Petition if his detention during the pendency of the

2  removal proceedings against him continues beyond January 2007.

3  **DISCUSSION**

4          At the outset, to the extent Russell is challenging issues regarding his removal, the Court

5  lacks jurisdiction over the Petition.  The REAL ID Act, Pub. L. No. 109-13, Div. B., 119 Stat. 231,

6  which became effective on May 11, 2005, eliminated district court habeas corpus jurisdiction over

7  orders of removal and vested jurisdiction to review such orders exclusively in the courts of

8  appeals.  See Martinez-Rosas v. Gonzales, 424 F.3d 926, 928-29 (9th Cir. 2005).  As amended by

9  § 106(a) of the REAL ID Act, § 1252(a)(5) now provides:

10

11          Exclusive Means of Review-Notwithstanding any other provision of law (statutory or
        nonstatutory), including section 2241 of title 28, or any other habeas corpus provision . . ., a

12          petition for review filed with an appropriate court of appeals in accordance with this section
        shall be the sole and exclusive means for judicial review of an order of removal entered or
        issued under any provision of this chapter, except as provided in subsection (e).

13

14  8 U.S.C. § 1252(a)(5).  This jurisdictional provision applies to all cases challenging a removal

15  order, no matter when filed.  REAL ID Act § 106(b) (The Act applies to "cases in which the final

16  administrative order of removal, deportation, or exclusion was issued before, on, or after [May 11,

17  2005]").  "[T]he Act makes circuit courts the 'sole' judicial body able to review challenges to final

18  orders of deportation, exclusion, or removal."  Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052

19  (9th Cir. 2005) (citation omitted); see also Medellin-Reyes v. Gonzales, 435 F.3d 721, 723-24 (7th

20  Cir. 2006) ("Collateral proceedings filed on or after May 11, [2005,] however, will be dismissed

21  outright; the window for belated judicial review has closed.").  Accordingly, the Court lacks

22  jurisdiction over the Petition to the extent Russell is, or will be, challenging his removal.

23          Moreover, Russell's conviction under California Penal Code § 261.5, on which his removal

24  is based, is an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A).  See Afridi v. Gonzales, 442

25  F.3d 1212, 1217 (9th Cir. 2006).  Accordingly, the DHS properly found that Russell was

26  removable for having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).  Id.

27          Because Russell's conviction constitutes an "aggravated felony" he is not entitled to be

28  released on bail.  Section 1226(c)(1)(B) provides that "[t]he Attorney General shall take into

1   custody any alien who . . . is deportable by reason of having committed" an aggravated felony.  In

2   Demore v. Kim, 538 U.S. 510, 531 (2003), "the Court approved the mandatory detention of a

3   criminal alien during removal proceedings under 8 U.S.C. § 1226(c) even in the absence of an

4   individualized finding that the alien was unlikely to appear for his removal hearing if released on

5   bond."  Khotesouvan v. Morones, 386 F.3d 1298, 1300 (9th Cir. 2004).  Also, in the case of aliens

6   subject to removal proceedings, the Attorney General retains discretion to decide whether they

7   should be detained, released on bond, or released on conditional parole.  8 U.S.C. § 1226(a).

8       Russell's reliance on Tijiani v. Willis, 430 F.3d 1241 (9th Cir. 2005) is inapposite.  In

9   Tijiani, petitioner had "been deprived of his liberty by the government for a period of over two

10  years and eight months."  Id. at 1242.  In a brief, three-paragraph opinion, the Ninth Circuit in

11  Tijani recognized the "substantial powers" of Congress with regard to aliens but found it

12  "constitutionally doubtful that Congress may authorize imprisonment [for a period of over two

13  years and eight months] for lawfully admitted resident aliens who are subject to removal."  Id.

14  Here, Russell has only been in custody since July 2005.  Moreover, Russell's detention has been

15  implemented in a fair manner.  Less than four months later, in October 2005, the immigration

16  judge issued her decision, finding Russell is entitled to derivative citizenship.  In March 2006, the

17  Board of Immigration Appeals reversed the immigration judge's decision and remanded the case

18  for further proceedings.  Thus, his detention does not violate procedural due process requirements.

19  See Kim, 538 U.S. at 527-528.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1         However, because "it is constitutionally doubtful that Congress may authorize

2  imprisonment . . . for lawfully admitted resident aliens who are subject to removal" <u>Tijani</u>, 430

3  F.3d at 1242, for long durations, the Petition will be dismissed without prejudice. <u>See</u> <u>Nadarajah</u>

4  <u>v. Gonzales</u>, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping

5  provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not

6  involve final orders of removal.").  Russell may re-file his Petition if his detention during the

7  pendency of the removal proceedings against him continues beyond January 2007.

8       **SO ORDERED.**

9  DATED: _10/05/06_                           _____

10                                     ROGER T. BENITEZ
                                    United States District Judge

11

12 cc: All parties and respective counsel

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28